UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
FEB 2 8 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-255-GWU

AARON GOODIN,     PLAINTIFF,

VS.     **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,     DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Goodin

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into

2

Goodin

account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

3

Goodin

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most

of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Aaron Goodin, was found by an Administrative Law Judge (ALJ) to have a "severe" impairment consisting of a reading disorder. (Tr. 15). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Goodin retained the residual functional capacity to perform work at all levels of exertion, and with no non-exertional restrictions except a limitation to work that did not require reading above a second grade level. (Tr. 17). In response to a hypothetical question incorporating this factor along with the plaintiff's age of 34 years, education, and work experience, the VE testified that Mr. Goodin could return to his past relevant work as a lumber stacker, dishwasher, and oil change technician. (Tr. 226-7).

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence.

Mr. Goodin alleged disability due to lung and nerve problems. (Tr. 59). Although he testified that he still had shortness of breath and pain in his chest since having a collapsed lung in 2002, he admitted that he continued to smoke cigarettes against medical advice. (Tr. 211-12). His other physical problem was a bad knee, which had been injured and a chainsaw accident in 1992 or 1993. (Tr. 214-15, 217). Although he felt that he could not walk far, he had been able to work in his previous

7

job as a dishwasher and busboy wearing a knee brace. (Tr. 216). He also felt that he had arthritis in "all" of his joints, and frequent headaches. (Tr. 219-21). Mentally, he complained of a short attention span and indicated that he could not read enough to understand much. (Tr. 218-19).

The ALJ's determination that Mr. Goodin could not have a "severe" physical impairment is supported by records from Knox County Hospital, which show that Mr. Goodin was admitted for four days in January, 2002 and given a diagnosis of a spontaneous left-sided pneumothorax and acute bronchitis. (Tr. 124). The lung was re-expanded and he was discharged home with a prescription for Wellbutrin to help him stop smoking. (Id.). No permanent functional restrictions are suggested. The plaintiff was again seen in February, 2004 and diagnosed with gastroenteritis. (Tr. 194-5). Again, no functional restrictions are given. The only other evidence from an examining source came from consultative examination by Dr. Kevin Burns on March 5, 2002. Despite the plaintiff's complaints of shortness of breath from the pneumothorax, the doctor noted as part of patient history that the plaintiff himself felt that he could walk 1 1/2 miles or up to 50 steps before becoming short of breath; he continued to smoke two packs of cigarettes a day. (Tr. 144). Dr. Burns's examination was normal, and included a pulmonary function test showing an FEV1 100 percent of the predicted level. (Tr. 146-7,151). He did not indicate the plaintiff would have any restriction in his ability to perform physical activities. (Tr. 147). A state agency physician, Dr. Kenneth Phillips, reviewed the evidence and concluded

that there was no evidence of the physical abnormality that would limit basic work capability. (Tr. 176). There is no evidence of the contrary and, thus, the ALJ's determination is supported by substantial evidence.

From a mental and psychological standpoint, school records from January, 1989 show that the plaintiff, who was then 18 years old but in the ninth grade, obtained a full-scale IQ score of 110 on the Wechsler Intelligence Scale for Children (WISC), but an achievement test battery showed only 2.1 grade level reading, 4.6 grade level math, and 3.2 grade "written language" capability. (Tr. 111-12, 119). An unsigned discussion indicates that he "must be considered to have learning disabilities." (Tr. 113). A consultative psychological examination by Lynn Bowers, a licensed psychological associate, in March, 2003, showed the plaintiff scored a verbal IQ of 90, a performance IQ 73 and a full-scale IQ of 80, placing him in the low average range. (Tr. 156). Achievement testing showed second grade reading and fourth-grade arithmetic ability, with good effort. (Tr. 157). Although the plaintiff described anxiety attacks and nervousness, he appeared to be calm and relaxed during the examination. (Id.). Ms. Bowers listed a diagnostic impression only of nicotine dependence and a reading disorder, with a Global Assessment of Functioning (GAF) score of 70-75. (Tr. 158). A GAF score in this range reflects only mild symptoms. Diagnostic and Statistical Manual of Mental Disorders (Fourth Edition-Text Revision), p. 34. Although Ms. Bowers made a comment, outside her range of expertise, that the plaintiff might be limited in the amount of work he could

9

Goodin

do "by his injuries," her only possible restriction based on mental problems was that "by his report, he has also demonstrated difficulty in dealing with social situations in the work setting (getting along with difficult co-workers)." However, he had demonstrated the ability to get along well in one-to-one situations with an individual who was not trying to cause him difficulty. (Id.). State agency psychological reviewers found no evidence of a "severe" mental impairment. (Tr. 161, 177). The ALJ noted that the plaintiff related well in consultative examinations and demonstrated no abnormal social behaviors during the hearing, and was able to function appropriately in public places such as doctor's offices and grocery stores. (Tr. 16). Essentially, the evidence supports the ALJ's determination that the plaintiff did not carry his burden of showing that he could not return to his past relevant work.

The decision will be affirmed.

This the ____28____ day of February, 2006.

G. WIX UNTHANK,
Senior Judge

10